IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MEREDITH WINTERING<br>1360 Cedarwood Drive<br>Westlake, Ohio 44145<br>      Plaintiff,<br><br> v.<br><br>CLEVELAND STATE UNIVERSITY<br>2121 Euclid Avenue<br>Cleveland, Ohio 44115<br><br><br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO:<br><br>JUDGE<br><br>**COMPLAINT FOR INJUNCTIVE**<br>**RELIEF AND DAMAGES**<br><br><br>(Jury Demand Endorsed Herein) |

Plaintiff, Meredith Wintering, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

## INTRODUCTION

1. Wintering is a Cuyahoga County, Ohio resident.

2. Plaintiff is a "person," and "employee," as defined by the Equal Pay Act of 1963, 29 U.S.C. § 203 *et seq*. ("EPA")..

3. Defendant Cleveland State University ("CSU") is an institution and instrumentality of the State of Ohio, located in Cuyahoga County, Ohio.

4. Defendant is an employer, pursuant to the EPA.

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiff is alleging federal law claims under the EPA.

6. All material events alleged in this Complaint occurred in Cuyahoga County.

7. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within

which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

9. Within 300 days of the conduct alleged below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2022-02573, which was dual filed with the Ohio Civil Rights Commission ("OCRC").

10. On December 20, 2022, Wintering received a Right to Sue letter, dismissing Charge No. 532-2022-02573, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

11. Wintering has properly exhausted her administrative remedies.

12. Wintering files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

## FACTUAL ALLEGATIONS

13. Wintering incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

14. Wintering is a 71-year-old female.

15. In May 2016, CSU hired Wintering as Director of Advancement for the Washkewicz College of Engineering.

16. During Wintering's tenure, she was responsible for all fundraising efforts relating to individual and corporate donors, along with stewardship responsibilities.

17. Per the publication of the CSU Budget Book (itemization of all CSU employee salaries), which was made available until 2020, Wintering became aware that she was the lowest paid Director

of Advancement in the Advancement Division, and was also paid less thanas well as other staff in similar roles in the College of Law, Alumni Relations, and Athletic Division.

18. CSU discontinued publishing the Budget Book at the end of 2019.

19. Per Advancement Division records, the overall fundraising attainment in Wintering's department during her tenure continued to increase and exceeded that of the other Colleges and the Athletic Division for 2018, 2020 and 2021.

20. Because Wintering's salary was not commensurate with male peers in her role or similar roles, she made a direct appeal in January 2021 to her supervisor David Pratt, for a pay equity adjustment.

21. Because Wintering's salary was not commensurate with younger peers in her role or similar roles, she made a direct appeal in January 2021 to her supervisor David Pratt, for a pay equity adjustment.

22. Wintering requested a pay equity adjustment that would make her salary equal to that of her peers holding the same and/or similar positions.

23. Pratt agreed that he would champion Wintering's pay equity adjustment, stating it was a priority for the Advancement Division in order to retain Wintering.

24. Wintering's requested pay equity adjustment was never made.

25. Prior to, and following Wintering's pay equity request, CSU hired younger staff members in the same or similar role, but with the title "Senior Director," at a higher salary than Wintering.

26. After Wintering's pay equity request, Wintering was made aware that younger new hires with the same title, performing jobs that require substantially equal skill, effort, and responsibility under similar working conditions, were extended a higher salary than Wintering.

27. On May 18, 2022 Wintering resigned her employment with CSU, giving 30 days' notice to allow for a reasonable transition.

28. Wintering's last day of employment with CSU was June 16, 2022.

29. The pay disparity that existed throughout Wintering's tenure was based on age and/or gender.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT

30. Wintering incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

31. Throughout Wintering's employment, CSU paid Wintering less than similarly situated male employees.

32. CSU paid Wintering less than male employees because of Wintering's gender.

33. CSU paid Wintering less than male employees who perform or have performed equal work on jobs that require equal skill, effort, and responsibility, under similar working conditions, because of gender.

34. CSU intentionally violated the Equal Pay Act, 29 U.S.C. § 206(d) by paying Wintering at a lower rate than similarly situated and/or comparable male employees.

35. As a direct and proximate result of Defendant's conduct, Wintering suffered and will continue to suffer damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

36. Wintering incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

37. Wintering is over 40 years old and, as such, a member of a statutorily protected group, pursuant to The Age Discrimination in Employment Act of 1967 ("ADEA").

38. Throughout her employment, Wintering was fully competent and qualified for her position with Defendant.

39. The ADEA provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

40. Defendant employed others with the same title, performing jobs that require substantially equal skill, effort, and responsibility under similar working conditions as Wintering, but paid Wintering less because of Wintering's age, in contravention of the ADEA.

41. As a direct result of Defendant's unlawful conduct, Wintering suffered and continues to suffer pecuniary harm and emotional distress.

## COUNT III: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

42. Wintering incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

43. Wintering is female and, as such, a member of a statutorily protected group, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").

44. Throughout her employment, Wintering was fully competent and qualified for her position with Defendant.

45. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's gender.

46. Defendant employed others with the same title, performing jobs that require substantially equal skill, effort, and responsibility under similar working conditions as Wintering, but paid Wintering less because of Wintering's gender, in contravention of Title VII.

47. As a direct result of Defendant's unlawful conduct, Wintering suffered and continues to suffer pecuniary harm and emotional distress.

**PRAYER FOR RELIEF**

Plaintiff, Meredith Wintering, seeks judgment against the Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

*/s/ Claire I. Wade*_____
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney for Plaintiff Meredith Wintering*

## **JURY DEMAND**

Plaintiff Meredith Wintering demands a trial by jury by the maximum number of jurors permitted.

>*/s/ Claire I. Wade*
>Claire I. Wade (0093174)
>
>*Attorney for Plaintiff*